## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT TUCKER,<br><br>       Plaintiff,<br><br>v.<br><br>FIRST CONTACT, LLC,<br><br>       Defendant. | **Case No.: 2:22-cv-02023**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1. TCPA, 47 U.S.C. § 227,**<br><br>**2. FDCPA 15 U.S.C. § 1692 *et. seq.***<br><br>**3. Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Robert Tucker ("Plaintiff"), through his attorneys, alleges the following against First Contact, LLC ("Defendant"):

## INTRODUCTION

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. The FDCPA is a federal statute that

broadly prohibits persons from engaging in abusive and/or deceptive debt collection practices

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5.      Plaintiff also brings this complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiff is a citizen of Kansas and Defendant is a citizen of Minnesota with its principal place of business located in Florida) and the amount in controversy exceeds $75,000.

6.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.      Defendants transact business here; personal jurisdiction is established.

## PARTIES

8.      Plaintiff is a natural person residing in the County of Leavenworth, Kansas.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11.     Defendant First Contact is a debt collector with its principal place of business in St. Petersburg, Florida 33701. First Contact can be served with process through its registered agent, CT Corporation System Inc., located at 1010 Dale St N, Saint Paul, Minnesota 55117.

12.     Upon information and belief, Defendant is call center collector who acts independently from Credit One Bank using their own agents and equipment to contact Plaintiff.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13.     Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PROCEDURAL HISTORY

14.     On or about June 22, 2020, Plaintiff filed a complaint in the United States District Court in the District of Nevada against DOES 1-5 alleging violations of the TCPA and an Invasion of Privacy – Intrusion Upon Seclusion claim.

15.     Plaintiff filed suit against DOES 1-5 with the intention of subpoenaing non-party Credit One to conduct limited discovery to identify the actual parties responsible for placing the collection calls to his cellular telephone.

16.     On or about July 20, 2020, Plaintiff amended his complaint to add non-party Credit One after the district court ruled in a separate matter that naming only DOES in an action was disfavored.

17.     On or about July 31, 2020, Plaintiff served Credit One with a copy of the amended complaint.

18.     On or about August 21, 2021, Credit One moved to dismiss Plaintiff's claim and compel arbitration.

19.     On or about December 15, 2020, Plaintiff voluntarily dismissed the complaint, without prejudice, filed in the District of Nevada.

20.     Plaintiff and non-party Credit One agreed that Plaintiff would not bring his claim in arbitration until after the ruling from the Supreme Court in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163.

21.     On or about April 1, 2021, the Supreme Court rendered its decision in *Facebook, Inc. v. Duguid.*

22.     On or about May 28, 2021, Plaintiff initiated arbitration proceedings against non-party Credit One. Plaintiff's arbitration demand explicitly denied that the claims against the non-party Does were arbitrable and the purpose of filing the arbitration demand was to learn the identities of the parties responsible for placing the calls to Plaintiff.

23.     During the entire district court and arbitration proceedings, Plaintiff's counsel informally sought the names of the entities responsible for placing the calls to Plaintiff's cell phone, but Credit One refused to identify the entities absent a court or arbitrator compelling them to do so.

24.     While the arbitration proceeding was pending, Plaintiff's counsel and non-party Credit One agreed to resolve their dispute in exchange for Credit One's release of the relevant account records and the identities of the entities responsible for placing calls to Plaintiff.

25.     On or about December 22, 2021, Credit One provided the account records and identities of the entities responsible for placing the calls, which identified Defendants as one of the parties responsible for making calls to Plaintiff during the relevant time period.

## FACTUAL ALLEGATIONS

26.     Defendant was attempting to collect an alleged debt owed by Plaintiff on behalf of Credit One. The alleged debt arose out of credit card transactions by which Plaintiff purchased property and services for personal, family, or household purposes.

27.     Upon information and belief, Defendant has a contractual agreement with non-party Credit One authorizing it to collect consumer debts for Credit One, including Plaintiff's alleged debt.

28.     In or around July of 2019, Defendant began placing calls to Plaintiff's cellular phone, ending in 4991, in an attempt to collect an alleged debt.

29.     The calls placed by Defendants originated from the following number(s): 913-521-3450, 913-521-3501, 913-300-9934, 913-300-9964, 913-300-9884, 913- 521-3551, 913-521-3495, 913-521-3546, 913-359-6257, 913-359-6287, 913-359- 6227, 913-359-6253, 913-359-7534, 913-914-2132, 913-914-2277, 913-914-2331, 913-359-7539, 913-359-7578, 913-359-7570, 913-359-7608, 913-359-7547, and 913-359-7608.

30.     Upon information and belief, each time Defendant would call Plaintiff it falsely represented themselves as Credit One.

31.     On or about October 15, 2019, at 1:54 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (913) 300-9896

32.     Defendant informed Plaintiff that it was attempting to collect a debt relating to his Credit One account.

33.     Plaintiff explained that he could not make a payment and unequivocally revoked consent to be called any further.

34.     On or about October 16, 2019, at 11:08 a.m., Plaintiff answered another collection call from Defendant; Plaintiff heard a pause before the collection

agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (913) 300-9946.

35.     Defendant informed Plaintiff that it was attempting to collect a debt relating to his Credit One account.

36.     Plaintiff explained again that he could not make a payment and unequivocally revoked consent to be called for a second time.

37.     Despite Plaintiff's requests not to be contacted on his cellular phone any further, Defendant continued to call Plaintiff.

38.     Between July 9, 2019, and January 12, 2020, Defendant called Plaintiff no less than **SIX HUNDRED AND NINTEY-SEVEN (697)** times. Of the 697 calls, no less than **TWO HUNDRED AND SIXTY (260)** calls were placed after Plaintiff unequivocally revoked consent to be contacted.

39.     Upon information and belief, Defendant consistently called Plaintiff between six (6) and eight (8) times a day.

40.     Upon information and belief, when Defendant placed its collection calls (such as the calls placed to Plaintiff), it had access to the account records, including account notes, call history, previous contacts, and other relevant account information to assist with its collection efforts.

41.     When Plaintiff answered calls from Defendant, he heard a short pause before Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

42.     Defendant often called Plaintiff multiple times in the same day, indicating the use of a random or sequential number generator to: a) determine the order in which to select phone numbers to be dialed from a preproduced list; and b) store and dial those numbers at a later time when Plaintiff did not answer.

43.     Upon information and belief, Defendant called Plaintiff's cellular telephone using an artificial prerecorded voice.

44.     Upon information and belief, Defendant left automated voicemail messages on Plaintiff's cellular telephone.

45.     Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the Account. Furthermore, Defendant's tactic of switching amongst a myriad of phone numbers was done in order to trick Plaintiff into answering the calls.

46.     Defendant was aware that Plaintiff was dealing with financial issues, but willfully ignored his situation and his requests for Defendant to stop its campaign of harassing phone calls.

47.     Upon information and belief, non-party Credit One did not place any outbound collection calls to Plaintiff.

48.     Upon information and belief, all collection calls made to Plaintiff were made by Defendant.

49.     Upon information and belief, Defendant placed the collection calls on behalf of Credit One, posing to be Credit One and hiding their true identity.

50.     Defendant misrepresented and deceived Plaintiff as to its identity.

51.     Defendant placed telephone calls to Plaintiff without a meaningful disclosure as to its identity.

52.     Upon information and belief, Defendant intentionally and knowingly refrains from disclosing its true identity so as to try and avoid the requirements of the FDCPA.

53.     Upon information and belief, Defendant is separate and distinct entity from Credit One.

54.     Upon information and belief, Defendant is in the business of collecting debts owed or due or asserted to be owed or due to another.

55.     Defendant's conduct was done willfully and knowingly.

56.     Upon information and belief, Defendant was calling third parties, including friends and family, in an effort to coerce Plaintiff to make a payment on the Account.

57.     Defendant's barrage of calls to Plaintiff's cellphone caused constant disruption and distraction to his daily life, as well as embarrassment and humiliation because his phone would ring constantly while he was with family and friends.

58.　　Defendant's calls were so distressing that Plaintiff would experience intense emotional distress while at his job.

59.　　Furthermore, Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

60.　　Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.　　Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a)　　Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b)　　Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

62.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## Defendant's Violations of the FDCPA, 15 U.S.C. § 1692 *et. seq*

63.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

64.     The FDCPA prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

65.     The FDCPA also requires that in its initial communication with a consumer, a debt collector disclose that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose ...." 15 U.S.C.A. § 1692e(11). *See* Costa v. Nat'l Action Fin. Servs., 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2007) (citing Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) finding "'meaningful disclosure' presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the

questions are being asked.")

66.     Defendant violated 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692e(11) each time it contacted Plaintiff because they failed to truthfully and correctly identify themselves. Defendant did not inform Plaintiff that it was collecting the alleged debt *on behalf* of Credit One Bank, it identified itself *as* Credit One Bank.

67.     Additionally, the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C.A. § 1692d.

68.     Defendant incessantly called Plaintiff despite the clear revocation of his consent.  The frequency of Defendant's phone calls is violative of the FDCPA on its own.

69.     Defendant's actions, as described above, were done willfully and intentionally.

70.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

**COUNT V**
**Defendant's Invasion of Privacy**
**(Intrusion upon Seclusion)**

71.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

72.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.  Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

    c.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

73.     As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Robert Tucker, respectfully requests judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendant violated the TCPA;

    B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C.  Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1692k(3);

E.  Actual and punitive damages resulting from the invasion of privacy;

F.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,


J D Haas & Associates, PLLC

Date: January 14, 2022                 /s/ JD Haas_____
                                       JD Haas, Esq. 78752
                                       1120 East 80th Street, Suite 200
                                       Bloomington, MN 55420
                                       T: (952) 345-1025
                                       E: jdhaas@jdhaas.com
                                       *Attorney for Plaintiff*
                                       *Robert Tucker*